IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| BRODNEY JACKSON | § | |
| VS. | § | CIVIL ACTION NO. 9:26-cv-534 |
| OFFICER RAYMON, ET AL. | § | |

<u>MEMORANDUM OPINION REGARDING VENUE</u>

Plaintiff Brodney Jackson, an inmate at the Terrell Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against prison officials employed at the Ferguson Unit.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

<u>Discussion</u>

Plaintiff claims he was the subject of an unprovoked, unauthorized use of excessive force on April 29, 2024, while he was confined at the Ferguson Unit.

<u>Analysis</u>

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision.  Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).  When, as in this case,  jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.

At the time of the incidents which form the basis of Plaintiff's complaint he was confined at the Ferguson Unit.  His claims therefore arose at the Ferguson Unit, which is located in Midway, Madison County, Texas.  In addition, all of the Defendants appear to reside in Madison County.  Pursuant to 28 U.S.C. § 124, Madison County is located within the jurisdictional boundaries of the United States District Court for the Southern District of Texas, Houston Division.

As Madison County is located within the jurisdictional boundaries of the United States District Court for the Southern District of Texas, venue in the Eastern District of Texas is not proper.  When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  This case should be transferred to the United States District Court for the Southern District of Texas, Houston Division.  An appropriate order so providing will be entered by the undersigned.

**SIGNED this the 24th day of July, 2026.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE